UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY DURHAM, )<br>)<br>*Petitioner*  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent*  ) | Cause No. 1:17-cv-3590-RLM-DML |

ORDER

Timothy Durham moves to have Federal Rule of Criminal Procedure 17(e)(1) apply to subpoenas that he wishes to issue for his upcoming four-day evidentiary hearing concerning his motion to vacate his sentence under 28 U.S.C. § 2255. For the following reasons, the court denies Mr. Durham's motion [Doc. No. 114].

Rule 12 of the Rules Governing Section 2255 Proceedings in United States District Courts provides: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Regarding subpoenas, Federal Rule of Civil Procedure 45(c)(1)(A) allows a party to subpoena a witness to testify at a hearing if the person "resides, is employed, or regularly transacts business in person" within 100 miles of the hearing. But Federal Rule of Criminal Procedure 17(e)(1) allows parties to serve subpoenas "at any place within the United States."

Mr. Durham says that if Civil Rule 45(c)(1)(A) were applied to his subpoenas, he'd be unable to compel testimony from twelve people or so he plans to call as witnesses. The government opposes Mr. Durham's motion, saying that this § 2255 proceeding is a civil collateral attack of a completed criminal matter—so only the civil rules should apply to § 2255 motions—citing for support Johns v. United States, 2011 WL 1344245, at *1 (S.D. Ala. Apr. 8, 2011) (declining to apply Criminal Rule 17 because the case was a "decidedly civil disposition of a completed criminal proceeding . . . ."). The government also notes that the civil rules generally have more permissive discovery standards that Mr. Durham has reaped the benefits from up to this point in the proceedings, and he shouldn't be allowed to jump back-and-forth between using the civil and criminal rules.

Mr. Durham responds that the use of criminal subpoenas for purposes of the upcoming evidentiary hearing would be congruent with the subpoena power that he had at trial and that he will have if a new trial is ordered after the hearing. He says that the witnesses he wants to subpoena are essential to his § 2255 motion, and that the government didn't cite any authority for the proposition that, once a rule of civil procedure is applied to one aspect of a case, all the rules of civil procedure must be applied to all aspects of the case.

The court of appeals has said that § 2255 motions have features of both civil and criminal proceedings. Wood v. Jenkins, 914 F.2d 260 (7th Cir. 1990). But the caselaw provides little instruction on how a court should exercise its discretion in choosing to apply either the civil or criminal rules. The court disagrees with the government that there are never occasions in which a court

deciding a § 2255 motion might apply a civil rule on one topic and a criminal rule on another. But this isn't the case in which to do that—the rules of civil procedure should control Mr. Durham's efforts to compel witnesses' attendance.

This case has seen three years of discovery (though not continuous) under the civil rules. The court has inferred from the periodic status conferences that Mr. Durham has conducted the lion's share of the discovery. Mr. Durham has benefitted from the use of the civil rules' broader provisions for depositions and subpoenas duces tecum. Civil litigants can't cherry pick between the two sets of rules, nor can criminal defendants. It's counterintuitive to think that, without more, § 2255 litigants have greater freedom to avail themselves of the two sets of rules as they please to suit their needs when no one else has that luxury.

Mr. Durham's four-day evidentiary hearing is set begin on May 31. Allowing Mr. Durham to subpoena witnesses who live more than 100 miles from where his hearing will take place—the Birch Bayh Federal Building and U.S. Courthouse in Indianapolis, Indiana—with only two weeks' notice imposes a major inconvenience on his witnesses. Mr. Durham's submissions tell the court nothing of the distance those subpoenaed would have to travel, apart from the distance exceeding 100 miles from the courthouse. Mr. Durham hasn't told the court whether witnesses would be traveling from places as near as Cincinnati, or as far as Maui.

Moreover, Mr. Durham hasn't informed the court how each of the twelve criminal subpoenas he wants to issue would help his case. He refers to names, but he doesn't say what each person would offer. The court is left with a choice

between ordering a dozen people to drop everything and find their ways to Indianapolis on short notice, or ordering none to do so. And the nature of the remaining inquiry supports applying the rule with the greater deference to witnesses: this is a hearing to decide the constitutional adequacy of Mr. Durham's representation at trial; it's not a man presenting witnesses to a jury that will decide his freedom—that trial already occurred.

At a different time in this case (and in response to the pandemic) the court gave Mr. Durham permission to arrange remote witness testimony by video, and that order still stands. Of course, those witnesses would need to cooperate and voluntarily appear, but that accommodation is still available to Mr. Durham.

Regardless of whether Criminal Rule 17(e)(1) might be the appropriate vehicle for compelling attendance at a different § 2255 hearing, under the circumstances of this case, the court declines to exercise its discretion and apply Criminal Rule 17(e)(1) in compelling the attendance of either party's witnesses. The court DENIES Mr. Durham's motion [Doc. No. 114], and Federal Rule of Civil Procedure 45 shall apply to all subpoenas issued.

SO ORDERED.

ENTERED: May 17, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:  All electronically filed counsel of record